678



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Game, Fish and Oyster Commission
Austin, Texas

Gentlemen:                    Attention - K. B. Dodgen, Chief
                                          Clerk

                              Opinion No. O-5334

                              Re: Proportion of fine for viola-
                              tion of provisions of Vernon's Re-
                              vised Civil Statutes, Article 934a,
                              to be remitted to the Game, Fish &
                              Oyster Commission.

        You advise that some confusion has been experienced
relative to the interpretation of the laws pertaining to the
collection and the distribution of money paid as fines for
violating laws regulating commercial fishing in this State,
and submit the following questions for the consideration of
this Department.

        "1.  Is it required that all moneys, both net
fine and court cost, be remitted to the Game,
Fish and Oyster Commission for deposit in the
State Treasury, when such fines are assessed
with violating the act above referred to?

        "2.  Is it required by the above mentioned
law that 100 percent of the net fines (not in-
cluding court cost) be remitted to the Game,
Fish and Oyster Commission for deposit in the
State Treasury?

        "3.  If either or both of the above questions
are answered in the negative, what percentage of
the amount assessed is to be remitted to the
Game, Fish and Oyster Commission?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

The law to which you refer is carried in Vernon's Revised Civil Statutes as Article 934a. The second paragraph of Section 8 of such law provides:

"**All moneys collected** under the provisions of this Act, or **because of fines paid** for violations of the provisions of this Act, shall be remitted to the Game, Fish & Oyster Commission at its office in Austin, Texas, not later than the 10th day of the month following their collection and shall be deposited by said Game, Fish & Oyster Commission to the State treasury to the credit of the Fish and Oyster Fund." (Emphasis our's).

This language is repeated in Section 9 of the same Act, first paragraph.

Article 950 of the Code of Criminal Procedure provides:

"The District or County Attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

Article 951, Code of Criminal Procedure:

"The sheriff or other officer who collects money for the State or county, under any provision of this code, except jury fees, shall be entitled to retain five per cent thereof when collected."

Article 4025 of the Revised Civil Statutes provides in part:

"Of all fines collected for infractions of the fish and oyster laws, ten per cent shall go to the prosecuting attorney, and the residue

thereof shall go to the General Fund of
this State."

The language of Section 8 of Article 934a requires
the remission of "all moneys collected * * * because of
fines paid for violations of the provisions of this Act."

This language does not require the remission of
costs of court assessed and collected as such. It does, how-
ever, require all fines to be remitted in full to the Game,
Fish & Oyster Commission. "All moneys collected * * * be-
cause of fines paid * * *" does not admit of any interpreta-
tion save that the intent of the Legislature was to require
the whole sum collected as a fine for violation of the pro-
visions of the commercial fishing law to be remitted to the
Game, Fish & Oyster Commission. Since this is a special pro-
vision controlling the disposition of a particular fine, and
since the law of which this language forms a part was enact-
ed by the Legislature, and became effective after Articles 950
and 951 of the Code of Criminal Procedure and Article 4025 of
the Revised Civil Statutes, it controls the disposition of
all moneys collected as fines for violation of the commercial
fishing law.

Your first question, therefore, is answered as fol-
lows: Court costs, assessed and collected as such, are not
to be remitted to the Game, Fish & Oyster Commission, under
the provisions of Article 934a.

In reply to your second question, you are advised
that the entire fine assessed and collected for violation of
Article 934a must be remitted to the Game, Fish & Oyster Com-
mission for deposit in the State treasury to the credit of
the Fish and Oyster Fund.

Your third question requires no answer, in view of
the answers made to the first two questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*
R. W. Fairchild
Assistant

RWF-MR    APPROVED JUL 23, 1943

*Gerald C. Mann*

ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN